**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2478

_____

NORLIN CORNELIO LEIVA-BARRIOS,
                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A206-775-983)
Immigration Judge: Steven A. Morley

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 22, 2021

_____

Before:  CHAGARES, PORTER, and ROTH, Circuit Judges

(Opinion filed: August 5, 2021)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Norlin Cornelio Leiva-Barrios petitions this Court to review a decision of the Board of Immigration Appeals (the "BIA") dismissing his appeal and rejecting his ineffective-assistance-of-counsel claim after an Immigration Judge ("IJ," and collectively with the BIA, "agency") denied his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition.

## I.

We write solely for the parties' benefit, so our summary of the facts is brief. Leiva-Barrios is a citizen of Guatemala. He was stopped when he entered the United States as a sixteen-year-old unaccompanied minor in 2014. The Department of Homeland Security served Leiva-Barrios with a Notice to Appear that charged him as removable because he was in the United States "without being admitted or paroled." 8 U.S.C. § 1182(a)(6)(A)(i). Leiva-Barrios, through counsel, conceded the factual allegations and charge in the Notice to Appear.

Leiva-Barrios applied for asylum, withholding of removal, and CAT relief. He wrote in his application that his sister had been threatened and was in hiding and that unknown people had attacked his school and killed six students. At his removal proceedings, however, Leiva-Barrios testified that "nobody shot at the students" and that no one was harmed. Admin. Rec. ("A.R.") 152. One of his classmates was tragically killed, but this murder occurred while his classmate was running an errand and Leiva-Barrios did not know who killed his classmate or why. He also testified that, although his

2

sister's husband and father-in-law were murdered, his sister had not been threatened or harmed and Leiva-Barrios was not aware of any threats against the rest of his family. Leiva-Barrios also testified that he feared the "mob" would hurt him or "force [him] to do something that [he] didn't want to do" and that he "no longer wanted to live in Guatemala because of the violence and crime." A.R. 156. Leiva-Barrios and his family, however, have never interacted with this mob, which is not active in his hometown.

On August 22, 2018, the IJ issued an oral decision denying Leiva-Barrios's application for relief and ordering him removed. In analyzing Leiva-Barrios's asylum and withholding-of-removal claims, the IJ concluded that Leiva-Barrios's particular social group was his family. The IJ found that Leiva-Barrios's fear of returning to Guatemala was not objectively reasonable because his family members who remained in Guatemala had never been harmed or threatened, apart from his sister's husband and father-in-law. With respect to Leiva-Barrios's fear that he would be subjected to violence or recruited by a mob, the IJ determined that this fear was generalized and could not form the basis of a well-founded fear of persecution. The IJ consequently rejected Leiva-Barrios's asylum and withholding-of-removal claims. The IJ also rejected his CAT claim because, even though his sister's family and one of his classmates were killed, Leiva-Barrios did not show that he was likely to be subjected to torture.

Leiva-Barrios timely appealed to the BIA. He argued that the IJ erred with respect to the claims in his application and also made an ineffective-assistance-of-counsel claim because his attorney did not raise his religion as a basis on which he was persecuted. The BIA agreed with the IJ's conclusions and concluded that Leiva-Barrios's ineffective-

3

assistance claim was not properly before it because he failed to comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988). The BIA dismissed his appeal. Leiva-Barrios timely petitioned for review.

## II.[1]

In this petition, Leiva-Barrios contests the BIA's decision with respect to his asylum and withholding-of-removal claims as well as his ineffective-assistance-of-counsel claim.[2] We will address each in turn.

## A.

To be eligible for asylum, Leiva-Barrios must show that he is unable or unwilling to return to Guatemala "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An asylum applicant must have a subjectively genuine fear of persecution that is also objectively reasonable. Shehu, 482 F.3d at 657. The standard for withholding-of-removal claims is higher, so an applicant "who fails to establish asylum eligibility necessarily fails to demonstrate a 'clear probability' of

---

[1]     The BIA had jurisdiction to review the Immigration Judge's decision under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's findings for substantial evidence. Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007). We review its legal conclusions de novo, subject to agency deference requirements. Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010).

[2]     Leiva-Barrios did not challenge the agency's decision with respect to his CAT claim in his opening brief and has thus forfeited this argument. See Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 145–46 (3d Cir. 2017).

4

persecution, as required for withholding of removal." Blanco v. Att'y Gen., 967 F.3d 304, 310 (3d Cir. 2020) (quoting Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006)).

Although the agency assumed that Leiva-Barrios's family was his "particular social group" for asylum purposes, families do not constitute a "particular social group" unless they are "socially distinct," a requirement that Leiva-Barrios has failed to show. See Romero v. Att'y Gen., 972 F.3d 334, 342 (3d Cir. 2020). Even assuming Leiva-Barrios's family constituted a particular social group, there is substantial evidence to support the agency's conclusion that Leiva-Barrios's fear of persecution was not objectively reasonable because, inter alia, Leiva-Barrios, his parents, and his siblings were never threatened or harmed and the identities and motives of the people who murdered his friend — who is not part of Leiva-Barrios's family — and his sister's husband and father-in-law were unknown. See Matter of A-E-M-, 21 I. & N. Dec. 1157, 1160 (B.I.A. 1998) (concluding that an applicant's fear of persecution is undercut when the applicant's family remains unharmed in the country of origin).

There is also substantial evidence to support the agency's conclusion that Leiva-Barrios's fear of "the mob," A.R. 156, is insufficient to demonstrate an objectively reasonable fear of persecution. Leiva-Barrios's own testimony supports this conclusion, given that the mob he feared was not active in his hometown and never interacted with him or his family. Even though Leiva-Barrios contends that the reason behind his sister's husband and father-in-law's tragic deaths was "purportedly opposition to the gangs," Leiva-Barrios Br. 9, he does not point to anything in the record to support this claim. Indeed, Leiva-Barrios testified during his removal proceedings that he did not know why

5

they were killed. Leiva-Barrios's argument that gangs will target him based on previous "gang shootings and killings," id. at 10, is similarly unpersuasive because Leiva-Barrios clearly testified that he did not know who killed his classmate or why and that no one was harmed during the school shooting because the shooters did not target the students. Although these events were undoubtedly painful and tragic, "ordinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum." Abdille v. Ashcroft, 242 F.3d 477, 494 (3d Cir. 2001). Because Leiva-Barrios cannot make the requisite showing for his asylum and withholding-of-removal claims, we will deny his petition for review.

B.

We next consider whether Leiva-Barrios properly raised his ineffective-assistance-of-counsel claim. Due process claims based on allegations of ineffective assistance of counsel must meet the procedural requirements that the BIA established in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988). See Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007). An applicant making an ineffective-assistance claim must "(1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond . . .; and (3) state 'whether a complaint has been filed with appropriate disciplinary authorities regarding the allegedly deficient representation, and if not, why not.'" Id. (quoting Lozada, 19 I. & N. Dec. at 639) (alteration omitted).

Leiva-Barrios has not complied with Lozada's procedural requirements. Although he concedes this point, Leiva-Barrios contends that his failure should be excused because

6

of the "time constraints with which [he] was presented." Leiva-Barrios Br. 5. Leiva-Barrios, however, does not explain what these time constraints were or why he was unable to follow the <u>Lozada</u> procedures. Because Leiva-Barrios failed to satisfy all three procedural requirements of <u>Lozada</u>, we need not address whether he suffered prejudice because of his prior counsel's allegedly ineffective assistance. <u>See</u> <u>Lu v. Ashcroft</u>, 259 F.3d 127, 135 n.5 (3d Cir. 2001).[3]

## III.

For the foregoing reasons, we will deny Leiva-Barrios's petition for review.

---

[3] We have considered all other arguments Leiva-Barrios made and conclude that they are without merit.